**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES GUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  4:19-CV-2789 |
| | § | |
| ZEAMARINE CARRIER GmbH | § | |
| | § | |
| Defendant. | § | |

**INDEX**

A-1.   Plaintiff's Original Petition.

A-2.   Return of Service on Zeamarine USA

A-3.   Plaintiff's First Amended Petition

A-4.   Plaintiff's Request for Citation on Zeamarine Carrier GmbH

A-5.   Plaintiff's First Written Discovery

A-6.   State Docket Sheet

**EXHIBIT A**

6/10/2019 5:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34256578
By: Nancy Torres
Filed: 6/10/2019 5:18 PM

CAUSE NO. _____

| | | |
|---|---|---|
| James Gunter, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Zeamarine USA, | § | |
| | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

### Plaintiff's Original Petition

Plaintiff James Gunter brings this action complaining of Defendant Zeamarine USA ("Defendant"), and would respectfully show the Court that:

### I.

### Jurisdiction

1.    Plaintiff brings negligence claims against Defendant pursuant to the Saving to Suitors clause.  This case is governed by the general maritime law and/or 33 U.S.C. § 905(b). Alternatively, this case is governed by Texas law.

### II.

### Venue

2.    Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

### III.

### Discovery Level

3.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

1

**Exhibit A-1**

## IV.

### Parties

4.      Plaintiff is a resident of Texas.

5.      Defendant Zeamarine USA is a limited liability company with its principal place of business in Harris County, Texas.  Defendant is a citizen of Texas.  Defendant may be served through its registered agent, William K. Terrill, 55 Waugh Drive, Suite 300, Houston, Texas 77007.

## V.

### Nature of the Action

6.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 3, 2019.  Plaintiff was working for Gulf Stream Marine in or around Port Comfort, Texas when Defendant's crane operator improperly moved the crane from Defendant's ZEA Bremen vessel while Plaintiff was changing out rigging, causing Plaintiff to fall.  The vessel was owned, operated, and/or maintained by Defendant.  As a result of Defendant's negligence, Plaintiff broke his leg, has undergone surgery, injured his shoulder, and injured other parts of his body.

7.      Defendant was negligent, negligent *per se*, and grossly negligent for the following reasons:

    a.      failure to operate its equipment safely;

    b.      failure to perform its operations safely;

    c.      failure to properly supervise its crew;

    d.      failure to exercise due care;

    e.      failure to properly train its employees;

    f.      failure to provide adequate safety equipment;

    g.      failure to follow safe work practices;

Unofficial Copy Office of Marilyn Burgess District Clerk

h.      failure to provide a safe work place;

i.      failure to adequately warn about safety hazards that Defendants knew or should have known about;

j.      failure to remedy safety hazards that Defendants knew or should have known about;

k.      violating any duties that may be owed pursuant 33 U.S.C. § 905(b)

l.      vicariously liable for their employees' and/or agents' negligence;

m.      violating applicable Coast Guard, OSHA, and/or BSEE regulations; and

n.      other acts deemed negligent.

8.      As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

9.      Pursuant to Rule 47, Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

## VI.

## Jury Trial

10.      Plaintiff hereby requests a trial by jury on all claims.

3

## VII.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.  Plaintiff seeks monetary relief over $1,000,000.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*
Jason A. Itkin
State Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Ryan MacLeod
State Bar No. 24068346
Jacob M. Karam
State Bar No. 24105653
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
rmacleod@arnolditkin.com
jkaram@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

4

7/1/2019 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34802976
By: Devanshi Patel
Filed: 7/1/2019 2:06 PM

Receipt Number:
Tracking Number: 73635164

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201939926

| | |
|---|---|
| PLAINTIFF: GUNTER, JAMES | In the 113th Judicial |
| vs. | District Court of |
| DEFENDANT: ZEAMARINE USA | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ZEAMARINE USA (LIMITED LIABILITY COMPANY) MAY BE SERVED THROUGH IT SREGISTERED
AGENT WILLIAM K TERRILL

55 WAUGH DRIVE SUITE 300

HOUSTON TX 77007

      Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 10, 2019, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

      YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

      ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 12, 2019.

*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: NANCY TORRES

Issued at request of:
Itkin, Jason A.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800

Bar Number: 24032461

**Exhibit A-2**

Tracking Number: 73635164
EML

CAUSE NUMBER: 201939926

| PLAINTIFF: GUNTER, JAMES | In the 113th |
| vs. | Judicial District Court |
| DEFENDANT: ZEAMARINE USA | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at **6:00** o'clock **P**. M., on the **20** day of **June**, 20 **19**

Executed at (address) **2900 North Loop West, Ste. 1100, Houston, TX 77092**
in **Harris** County
at **9:53** o'clock **A**. M. on the **1** day of **July**, 20 **19**
by delivering to **Zeamarine USA through William K. Terrill**, defendant, **Registered Agent**
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this **1** day of **July**, 20 **19**

FEE: $ _____ **SCH12834** **Lauren McGuinness**
**exp. 08/31/2020** **Pipkins Investigation Company**
**9800 Northwest Fwy, Ste. 306**
County, Texas **Houston, TX 77092**
By _____
Affiant **Lauren McGuinness** ~~Deputy~~

On this day, **Lauren McGuinness**, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this **1st** of
**July**, 20 **19**

Notary Public

BENNI ROSE DINISCO
Notary Public, State of Texas
Comm. Expires 04-18-2023
Notary ID 128558032

7/22/2019 11:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35310169
By: Chandra Lawson
Filed: 7/22/2019 11:50 AM

CAUSE NO. 2019-39926

| | | |
|---|---|---|
| James Gunter, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Zeamarine USA, | § | |
| | § | |
| *Defendant*. | § | 113th JUDICIAL DISTRICT |

### Plaintiff's First Amended Petition

Plaintiff James Gunter brings this action complaining of Defendant Zeamarine Carrier GmbH ("Defendant"), and would respectfully show the Court that:

### I.

### Jurisdiction

1.    Plaintiff brings negligence claims against Defendant pursuant to the Saving to Suitors clause.  This case is governed by the general maritime law and/or 33 U.S.C. § 905(b). Alternatively, this case is governed by Texas law.

### II.

### Venue

2.    Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

### III.

### Discovery Level

3.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

1

**Exhibit A-3**

## IV.

### Parties

4.      Plaintiff is a resident of Texas.

5.      Defendant Zeamarine Carrier GmbH is a limited liability company with its principal place of business in Harris County, Texas.  Defendant is a citizen of Texas.  Defendant may be served by and through its counsel of record, Kelly Hartmann, 1301 McKinney Street, Suite 1400, Houston, Texas 77010, KHartmann@gallowaylawfirm.com.

## V.

### Nature of the Action

6.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 3, 2019.  Plaintiff was working for Gulf Stream Marine in or around Port Comfort, Texas when Defendant's crane operator improperly moved the crane from Defendant's ZEA Bremen vessel while Plaintiff was changing out rigging, causing Plaintiff to fall.  The vessel was owned, operated, and/or maintained by Defendant.  As a result of Defendant's negligence, Plaintiff broke his leg, has undergone surgery, injured his shoulder, and injured other parts of his body.

7.      Defendant was negligent, negligent *per se*, and grossly negligent for the following reasons:

    a.      failure to operate its equipment safely;

    b.      failure to perform its operations safely;

    c.      failure to properly supervise its crew;

    d.      failure to exercise due care;

    e.      failure to properly train its employees;

    f.      failure to provide adequate safety equipment;

    g.      failure to follow safe work practices;

2

h.   failure to provide a safe work place;

i.   failure to adequately warn about safety hazards that Defendants knew or should have known about;

j.   failure to remedy safety hazards that Defendants knew or should have known about;

k.   violating any duties that may be owed pursuant 33 U.S.C. § 905(b)

l.   vicariously liable for their employees' and/or agents' negligence;

m.   violating applicable Coast Guard, OSHA, and/or BSEE regulations; and

n.   other acts deemed negligent.

8.   As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

9.   Pursuant to Rule 47, Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

**VI.**

**Jury Trial**

10.   Plaintiff hereby requests a trial by jury on all claims.

**VII.**

**Prayer**

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing,

Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.  Plaintiff seeks monetary relief over $1,000,000.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A.  Itkin*
Jason A. Itkin
State Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Ryan MacLeod
State Bar No. 24068346
Jacob M. Karam
State Bar No. 24105653
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
rmacleod@arnolditkin.com
jkaram@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on July 22, 2019, a copy of the foregoing was served upon all counsel of record in compliance with Texas Rules of Civil Procedure.

*/s/ Ryan S. MacLeod*
Ryan S. MacLeod

7/22/2019 11:50:49 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35310169
By: LAWSON, CHANDRA K
Filed: 7/22/2019 11:50:49 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: 2019-39926                CURRENT COURT: 113th Judicial District

Name(s) of Documents to be served: Plaintiff's First Amended Petition

FILE DATE: July 22, 2019                Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Zeamarine Carrier GmbH

Address of Service: 1301 McKinney Street, Suite 1400

City, State & Zip: , Houston, Texas 77010

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☑ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP** (phone) _____     ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____          **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                          *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**        used to retrieve the E-Issuance Service Documents.
                                   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Jason A. Itkin    Bar # or ID 24032461

Mailing Address: 6009 Memorial Drive, Houston, TX 77007

Phone Number: 713-222-3800

**Exhibit A-4**

6/10/2019 5:18:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34256578
By: TORRES, NANCY
Filed: 6/10/2019 5:18:46 PM

CAUSE NO. _____

| | | |
|---|---|---|
| James Gunter, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Zeamarine USA, | § | |
| | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

## Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admissions, and Requests for Disclosures to Defendant

**TO:**   Defendant Zeamarine USA, through its registered agent, William K Terrill, 55 Waugh Drive, Suite 300, Houston, Texas 77007.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff(s) requests that Defendants respond to Plaintiff's interrogatories and produce for inspection and copying the documents and tangible things requested herein.  Defendants shall file written responses to this request within fifty (50) days after the date of service.  Defendants shall provide the requested documents for inspection and copying at the law offices of Arnold & Itkin LLP, 6009 Memorial Drive, Houston, Texas 77007.

Unofficial Copy Office of Marilyn Burgess District Clerk

## I.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.  Under the Texas Rules of Civil Procedure, you are under a duty to amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

    a.  You know that the answer was incorrect when made; or

    b.  You know that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2.  The terms **"you," "your," "yours", "Defendant"** or **"Defendants"** shall mean, unless otherwise specified in a particular request, the Defendants named in this lawsuit and/or any agent, representative, employee, your insurance providers, their agents, their employees, your attorneys, your accountants, your investigators, or any individual and/or entity action on your behalf.

3.  The terms **"document"** or **"documents"** shall mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

4.  You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. This includes, but is not limited to, documents in the possession, custody, control of you, your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which you own a controlling interest or over which you exercise control. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

5.  With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

6.  All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

7.  Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

8.  This Document Request requires you amend or supplement your production of documents called for by this Document Request.

9.  In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

10. Plaintiff(s) requests that you provide a privilege log containing the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege.  Plaintiff(s) requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

11. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

12. Responsive Electronically Stored Information ("ESI") shall be produced in native form; that is, in the form in which the information and/or documents were customarily

created, used, and stored by the native application employed by you in the ordinary course of business.

    a.  If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, You may produce in a near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or functionality as compared to the native form. Static image production formats serve as near-native alternatives only for documents which are natively static images (i.e., photographs and scans).

    b.  The table below supplies examples of native or near-native forms in which specific types of ESI should be produced:

| SOURCE ESI | NATIVE FORM(S) SOUGHT |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG, .PDF |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard).<br><br>For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced.<br><br>For Lotus Notes mail, furnish .NSF files or convert to .PST.<br><br>If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with |

| | parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |
|---|---|

c.   You need only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names.  The parties will meet and confer regarding programmatic database productions as necessary.

d.   Individual documents requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature.  Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the un-redacted portions of the item.

e.   You need not produce identical documents in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value.  The content, metadata and utility of a document must all be considered in determining whether documents are identical, and items reflecting different information shall not be deemed identical.

f.   Production should be made using appropriate electronic media of your choosing provided that the production media chosen not impose an undue burden or expense upon Plaintiff(s) or Plaintiff(s)' counsel as recipients.  You must, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

g.   Each document produced shall be uniquely identified by naming the item to correspond to a Bates identifier according to the following protocol:

   i.   The first fourteen (14) characters of the filename will reflect a unique alphanumeric designation identifying the party making production and the case;

   ii.   The next ten (10) characters, beginning with an underscore, will be a unique, consecutive numeric value assigned to the item by the producing party. This value shall be padded with leading zeroes as needed to preserve its length;

   iii.   The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

iv. By way of example, a Microsoft Word document produced by Acme Corporation in its native format might be named: ACME_VMESHSDCA_000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier ACME_VMESHSDCA_000000123-0006.

h. Documents designated Confidential may, at your option:

i. Be separately produced on electronic production media prominently labeled to identify the contents as confidential; or, alternatively,

ii. Each such designated document shall have appended to the file's name (immediately following its Bates identifier) the following protective legend:~CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ CAUSE_MDL-14-0123

i. You shall furnish a delimited load file supplying the metadata field values listed below for each document produced (to the extent the values exist and as applicable):

| FIELD |
| --- |
| BeginBates |
| EndBates |
| BeginAttach |
| EndAttach |
| Custodian/Source |
| Source File Name |
| Source File Path |
| From/Author |
| To |
| CC |
| BCC |
| Date Sent |
| Time Sent |
| Subject/Title |
| Last Modified Date |
| Last Modified Time |
| DOCUMENT Type |
| Redacted Flag (yes/no) |
| Hidden Content/Embedded Objects Flag (yes/no) |

| | |
|---|---|
| Confidential flag (yes/no) | |
| MD5 Hash value | |
| Hash De-Duplicated Instances (by full path) | |

j.  Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

k.  Respond to each request for production by listing the unique identifier (Bates-style) numbers/ranges of responsive documents produced.

l.  If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had possession, custody, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document; (4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

m.  It is required that all documents and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease. In those instances where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.

n.  If you believe that a complete response to any request would require the disclosure of confidential health information, the disclosure of which you believe is prohibited by the Health Insurance Portability and Accountability Act (HIPAA) or other law, Plaintiffs will accept responses that are redacted to comply with such law but that are otherwise complete. Plaintiffs expressly reserve the right to challenge any such redaction.

o.  Your response to each Request for Production should include the unique identifier numbers/ranges that identify the documents responsive to that particular request. For instance, if, in response to Request for Production No. 3, You are producing 50 documents, your response should identify the unique identifier numbers for those 50 documents.

13. The terms "**and/or**", "**or**", and "**and**" are used inclusively, not exclusively.

7

14. The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter gender.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

15. The terms "**identify**" or "**identity**" when used herein means:

    a. With respect to a **natural person**, all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

    b. With respect to an **entity or organization which is not a natural person**, all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

    c. With respect to **documents**, all that you know or that you can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

    d. With respect to a **physical object**, all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

    e. With respect to an **event**, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

16. The terms "**custodial document**", "**custodial documents**", "**custodial file**", or "**custodial files**" shall mean all documents maintained by your current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents. If you have failed to preserve or no longer have custodial documents for any current or past employee implicated by these Requests, please comply with Instruction 5 above.

17. The terms "**communication**" or "**communications**" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

18. The term "**information**" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

19. The terms "**person**" or "**persons**" includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

20. The terms "**entity**" or "**entities**" includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

21. The terms "**expert**", "**experts**", "**expert witness**", or "**expert witnesses**" shall mean any person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

22. The terms "**concerning**" or "**relating to**" shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

23. The terms "**describe**" or "**describing**" when used in reference to any documents or tangible evidence includes, without limitation, stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

24. The terms "**evidencing**" shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

25. The term "**damages**" shall mean all claims for relief alleged by Plaintiff(s) in the latest Complaint

26. The terms "**accident**", "**incident**", or "**occurrence**" shall mean, unless otherwise indicated, the events which give rise to this lawsuit as described in Plaintiff's Original Petition.

27. The terms "**JSA**", "**JHA**", "**job safety analysis**", or "**job hazard analysis**" include without limitation, all safety meeting minutes, reports, handouts, documents, or other related materials.

28. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**



## II.

## <u>Interrogatories</u>

1.   Has this Defendant been sued in its correct name?  If not, state the correct name.

2.   Regardless of whether you contend they were contributing causes of the events giving rise to this lawsuit, please state with specificity all gears, equipment, tackle, tools, materials, supplies and/or appurtenances involved in the events giving rise to this lawsuit, and identify all manufacturers, distributors, and operators of same.

3.   Give the name, job title, employer, last-known residential address, and last-known residential telephone number of each person to whom the occurrences underlying this lawsuit were reported.

4.   Give the name, job title and employer at the times and on the occasions in question, last-known employer, last-known employer's address, last-known residential telephone number, and last-known residential address of each person who witnessed or was in the closest proximity to Plaintiff(s) when the underlying basis of this lawsuit occurred.

5.   Were any individuals or companies other than those named in the Petition herein involved in any manner in the incident made the basis of this suit? If your answer is in the affirmative, please identify said individuals and/or companies.

6.   Please identify any and all person(s) known to you to have knowledge of the relevant facts upon which this lawsuit is based.

7.   State when, where and under what circumstances you first became aware that Plaintiff was claiming to have sustained the injuries made the basis of this lawsuit.

8.   If you claim that the incident resulted from Plaintiff's own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with his own safety, please set forth fully and specifically the facts upon which you rely for those claims.

9.   Have you conducted an investigation into the cause or causes of the incident in question? If your answer is in the affirmative, please identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, and who was present during said investigation(s).

10.  State when, where and under what circumstances you first became aware that Plaintiff(s) was claiming to have sustained the injuries made the basis of this lawsuit.

11.  Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the injuries

11

therefrom? If your answer is "yes", identify each person from whom you possess a statement; state when and where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

12. Identify each person aboard the Vessel at the time of the incident made the basis of this lawsuit and state whether these individuals were employed by you at that time. If each and every person aboard the Vessel at the time of the Plaintiff's injuries was not employed by you, identify those individuals not employed by you and state who employed them.

13. For the individuals whom you identified in the previous Interrogatory as having been employed by you on the dates of the Plaintiff's injuries, please state whether they are still in your employ and if not, please state why not and provide their last known address.

14. If you contend that some person, thing, or entity other than either the Plaintiff(s) or Defendant, by some act or omission, caused or contributed to cause the incident in question in any way, no matter how slight or small, or the injuries allegedly resulting therefrom, identify that person, entity, or thing.

15. If you contend that the incident in question, or the injuries allegedly resulting therefrom, were caused in whole or in part by a pre-existing physical condition of the Plaintiff(s), identify each such condition, and describe how each contributed thereto.

16. Please state whether, subsequent to Plaintiff's alleged incident, you or any other company to your knowledge made any repairs, additions, alterations, renovations, improvements, or performed any other work on the area or equipment of the Vessel involved in the incident. For each such alteration, or instance of such work, state the date it was done, the names of all persons participating in the work to be done, the reason the work was to be done, and a description of all repairs, alterations, or work done.

17. Please state the name, address (home and business) and telephone number (home and business) of this Defendant's person in charge on the date of the incident made the basis of this suit, and the exact name and address of the company by whom he was employed at the time of the incident.

18. State the exact name of Plaintiff's employer, including the dates of employment of the Plaintiff(s), a detail of the duties of the Plaintiff(s) providing a job description, rate of pay and the hours normally worked by the Plaintiff(s).

CAUSE NO. _____

| | | |
|---|---|---|
| James Gunter, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Zeamarine USA, | § | |
| | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

## **VERIFICATION TO INTERROGATORIES**


_____

By: _____

Its: _____


STATE OF _____ )
COUNTY OF _____ )

    BEFORE ME, on this _____ day of _____, 2019, the undersigned authority, personally appeared _____, who ☐ is personally known to me or ☐ has shown identification (_____), who after being by me first duly sworn, deposes and says that the answers written after each of the foregoing Interrogatories are true and correct to the best of his/her knowledge, information, and belief, and he/she subscribed his/her name thereto in certification thereof.


_____

Notary Public, State of _____
Commission No. _____
My Commission Expires:_____

## III.

### Requests for Production

1. Produce copies of all policies of insurance that cover the occurrences in question, including but not limited to, motor vehicle coverage(s), general liability coverage(s), and excess coverage(s), which were in effect on the date of accident made the basis of this suit.

2. Produce all correspondence and any other related documents by and between Defendant and its insurance company which in any way relates to, directly or indirectly, coverage for Plaintiff(s) injuries and damages arising out of the accident made the basis of this suit.

3. Produce all documents, contracts, correspondence and/or notes that concerns, refers to, or reflect potential parties to this action and persons with knowledge of relevant facts.

4. Produce all contracts by and between this Defendant and any party herein and this Defendant and any other individual or entity, covering the job in question.

5. Produce all incident and/or accident reports relating to, referencing, or concerning the accident made the basis of this suit.

6. Produce all reports, citations, or other documents that relate to the Coast Guard, OSHA, Minerals Management Service, BSEE, or any other governmental agency that concern the events giving rise to this lawsuit.

7. Produce all reports, citations, or other documents to or from the Coast Guard, OSHA, Minerals Management Service, BSEE, or any other governmental agency that concern compliance or noncompliance with any government standards concerning the Vessel and/or equipment from the Vessel.

8. Produce all photographs, videos, drawings, or other depictions of the Vessel, the area(s) in question, the equipment, gears, tool, tackle and/or appurtenances in question, the Plaintiff(s) or other relevant objects that concern the events giving rise to this lawsuit

9. Produce all photographs, videotapes, or films that depict the events underlying this lawsuit.

10. Produce all blueprints, diagrams, and deck arrangements of the Vessel that relate to the events giving rise to this lawsuit.

11. Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident. This specifically includes any and all reports and written or electronically

14

recorded statements made by Defendant(s) to any other person, organization or governmental entity.

12. Produce copies of all correspondence between you and any other person concerning the accident in question.

13. Produce all witness statements relating to, referencing, or concerning the accident in question.

14. Produce and all written or recorded statements, and summaries thereof, given or taken by any person in connection with the accident or the filing of this suit.

15. Produce all photographs, videos, drawings, diagrams, reconstructions, or other depictions of the accident scene, Plaintiff, the vessels involved in the accident, or other relevant objects that concern the accident question.

16. Produce all correspondence, fax, memoranda, invoices, contracts, telephone messages and/or email by and between any and all parties to this case which in any way concerns, refers to, or relates to the accident in question.

17. Produce all cell phone records (including text messages) for all people aboard the Vessel at the time of the accident for the month before and after the accident in question.

18. Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident.

19. Produce the entire investigation file of this Defendant, or its agents and/or representatives, prepared or assimilated prior to the date of filing of this lawsuit that relate to the accident question, Plaintiff, and/or Plaintiff's claims, injuries, and/or damages made the basis of this suit.

20. Produce all final and/or draft root cause analysis and/or reports relating to the accident in question.

21. Produce all documents that identify the members or participants in any accident investigation or root cause determination performed by Defendant on at the request of Defendant.

22. Produce all investigation reports, root cause analysis and/or reports relating to the accident question created or reviewed by any third party.

23. Produce all personnel files that refer to the individuals who functioned as Plaintiff's supervisor(s) and/or the Vessel's supervisor(s) during the time period when the events giving rise to this lawsuit occurred.

15

24.     Produce all reprimands, including notations of verbal reprimands, given to any employee for any reason that concern the events giving rise to this lawsuit.  This includes Plaintiff(s), if any at all.

25.     Produce copies of all ownership and registration papers relating to the Vessel(s) involved in the incident made the basis of this suit.

26.     Produce all documents identifying the ownership history of the Vessel(s) involved in the incident made the basis of this suit.

27.     Produce all certificates of inspection concerning the Vessel for the period of one (1) year before and after the events underlying this lawsuit.

28.     Produce all company records, daily reports and other daily logs for the Vessel in question for one month before and after the events underlying this lawsuit, including the date of the accident in question.

29.     Produce all invoices, requisitions, logs and other similar documents that concern any repairs, alterations, inspections, corrections and/or improvements to any part of the Vessel which was involved in the events giving rise to this lawsuit, including but not limited to equipment, gears, tackle, appurtenances, and tools.

30.     Produce all repair/maintenance records for the Vessel for the six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

31.     Produce all invoices, requisitions, logs and other similar documents that concern any repairs alterations, inspections, corrections and/or improvements to any part of the Vessel for the six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

32.     Produce any and all on-board and remote recording devices that are meant to track any data, movement, or other similarly identified information generated by the Vessel(s) involved in the underlying accident for a period of one (1) month prior to the accident in question, including the date of the accident in question.

33.     Produce copies of all maintenance and/or repair logs for the Vessel(s) for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

34.     Produce copies of all maintenance and/or repair logs for the Vessel(s) for the sixty (60) days following the incident made the basis of this suit.

35.     Produce all notations or all other records of safety meetings for the period of six (6) months before and six (6) months after the events underlying this lawsuit, inclusive of the date of the accident in question.

16

36.     Produce all policies and procedures in place for investigations of accidents which were in effect at the time of the incident made the basis of this suit.

37.     Produce copies of all documents, including policies and instruction manuals that the Defendants provide its employees during the hiring and/or orientation process and/or to contractors hired by you.

38.     Produce copies of all manuals and test materials used by Defendants to monitor and evaluate the performance of its employees.

39.     Produce all Defendant's operations, procedures, and employee manuals for the past five years.

40.     Produce all of Defendant's vessel operation manuals for the past five years for the vessel at issue in this case.

41.     Produce all of Defendant's vessel maintenance manuals for the past five years for the vessel at issue in this case.

42.     Produce all of Defendant's vessel maintenance checklists for the past five years for the vessel at issue in this case.

43.     Produce all of Defendant's safety manuals for the past five years.

44.     Produce all Defendant's Operations, Procedures and Employee Manuals for the past five years.

45.     Produce all of Defendant's safety videos for the past five years.

46.     Produce all of Defendant's safety presentations for the past five years.

47.     Produce all safety manuals and materials that relate to the events underlying this lawsuit.

48.     Produce a copy of Defendant's accident investigation kit.

49.     Produce all JSA's, safety meeting, or "toolbox talk" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents  for the month prior to the accident, including the date of the accident in question

50.     Produce all JSA's for the work being performed at the time of the incident made the basis of this suit.

51.     Produce all JSA's, safety meeting, or "toolbox talk" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents  for the month following the accident.

52. Produce all daily logs relating or referring to the work to be performed or work performed at the time of the accident made the basis of this suit.

53. Produce all other logs relating or referring to the work to be performed or work performed at the time of the accident made the basis of this suit.

54. Produce all logs for the Vessel for the month prior to and month following the accident in question, inclusive of the date of the accident in question.

55. Produce all documents concerning any subsequent remedial measures taken after the events giving rise to this lawsuit.

56. Produce all documents concerning any remedial measures taken in regard to the policies and procedures in question after the events giving rise to this lawsuit.

57. Produce all documents relating to events that are substantially similar to the events giving rise to this lawsuit.

58. Produce all documents that concern, refer to, or relate to Plaintiff(s).

59. Produce Plaintiff's complete employment file.

60. Produce copies of all of Plaintiff's pre-employment physicals.

61. Produce all employment and/or Vessel records that in any manner mention Plaintiff(s).

62. Produce all accident, injury, disability or injury reports concerning the underlying events of this lawsuit, whether signed by Plaintiff(s) or not, that concern events giving rise to this lawsuit.

63. Produce all medical logs referring to Plaintiff(s), including medical logs that may predate or be subsequent to the events underlying this lawsuit.

64. Produce the entire Marine Index Bureau Report on Plaintiff(s).

65. Produce all U.S. Coast Guard discharges you possess on the Plaintiff(s).

66. Produce all records of work being performed by Plaintiff(s) at the time of the accident, including but not limited to personnel files, copies of payroll checks, front and back.

67. Produce all reports prepared for or by the medic, regarding treatment rendered to Plaintiff(s) at the time of the incident made the basis of this lawsuit.

68. Produce copies of any and all medical records obtained by Defendant(s) pertaining to Plaintiff(s).

69. Produce all reports prepared regarding treatment rendered to Plaintiff(s) at or near the

time of the incident made the basis of this lawsuit.

70.    Produce copies of all accident, injury, disability or injury reports on Plaintiff(s).

71.    Produce all medical records that refer to Plaintiff(s), including medical records that predate the occurrences in question.

72.    Produce copies of any and all employment records obtained by Defendant(s) pertaining to Plaintiff(s).

73.    Produce all records indicating favorable or unfavorable performance and conduct evaluations of Plaintiff(s).

74.    Produce all records referring to Plaintiff(s) and relating Plaintiff(s)' prior and/or current employers.

75.    Produce copies of any and all tax, social security, and/or IRS records obtained by Defendant pertaining to Plaintiff(s).

76.    Produce copies of all disability records obtained by Defendant pertaining to referencing Plaintiff(s).

77.    Produce copies of all workers' compensation obtained by Defendant pertaining to referencing Plaintiff(s).

78.    Produce all records referring to Plaintiff(s) concerning the civil or criminal justice system.  This request includes, but is not limited to, prior lawsuits, workers' compensation claims, divorce proceedings, child support proceedings, indictments, bills of information, judgments, and plea bargains.

79.    Produce all written or recorded statements of Plaintiff(s) taken by Defendant and/or any agent or representative of Defendant.

80.    Produce copies of any statements given to Defendant by Plaintiff(s) or statements given by and otherwise obtained by Defendant from Plaintiff(s).

81.    Produce copies of all documents concerning communications between you and Plaintiff(s).

82.    Produce photographs, tape recordings, reports, moving pictures, or video reproductions that represent surveillance of Plaintiff(s) at any time.

83.    Produce all reports, briefs, and/or memos concerning surveillance of Plaintiff(s).

84.    Produce all communications regarding this case and surveillance of Plaintiff(s) including all emails and correspondence.

19

85.     Produce all billing and time records of any person or firm performing any work on this case as it relates to surveillance of Plaintiff(s).

86.     Produce all summaries, reports, and files reviewed by each person who may testify as an expert witness at trial.

87.     Produce all documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

88.     Produce copies of all publications which any expert witness obtained or consulted by you has contributed to or on which he or she will rely, which relate in any way to the subject matter or opinions of the expert witness.

89.     Produce copies of all documents evidencing communications between you and each expert witness who may testify at trial.

90.     Produce a current copy of the *curriculum vitae* or resume of any person whom you may call as an expert witness in the trial of this case.

91.     Produce a current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

92.     Produce a current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

93.     Produce a current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

94.     Produce all transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

95.     Produce all transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

96.     Produce a current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

97.     Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

98.     Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff(s)' damages or injuries suffered by Plaintiff(s).

99.     Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

100.    Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

101.    Produce all documents which you have been asked to identify and/or to which you have made reference or identified in your responses to Plaintiff(s)' Interrogatories to you.

102.    Produce all documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's latest Petition

103.    Produce all documents evidencing the extent of damage, either physical or monetary, to Plaintiff(s).

104.    Produce all settlement agreements or other documents setting forth the terms and conditions of any settlement entered into by you or your insurer(s) with any party to this suit.

105.    Produce copies of any documents reflecting settlements, compromises, agreements, deals, and/or understandings between Defendant(s) and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

106.    Produce all documents, contracts, correspondence and/or notes that concerns, refers to, or reflect potential parties to this action and persons with knowledge of relevant facts.

107.    Produce non-privileged communications from you or your employees to medical providers, you, your insurers, agents and/or representatives that in any manner concern the events giving rise to this lawsuit.

108.    Produce all documents relating to events that are substantially similar to the events underlying this lawsuit and relating to Defendants.

109.    Produce all documents, depositions, affidavits, expert disclosures, verdict search reports, or other materials that can and/or may be used to impeach Plaintiff, his expert witnesses, and/or treating physicians.

21

110.    Produce all footage from camera(s) on the vessel on the day of the incident made the basis of this lawsuit.

111.    Produce all load line certificates for the vessel issued by ABS, DNV, or any similar organization.

112.    Produce all correspondence and documents provided by any contractor, vendor, or third-party utilized by Defendant to coordinate medical services in relation to Plaintiff. This request includes, but it not limited to all correspondence, between Plaintiff and the contractor, vendor, or third-party and/or Plaintiff's medical providers, and between Defendant and the contractor, vendor, or third-party.

113.    Produce all materials obtained via social media (i.e. Facebook, Instagram, LinkedIn, Twitter, MySpace, etc.) regarding Plaintiff.

115.    Produce a privilege log describing all information and/or materials you are withholding with enough specificity to assess the applicability of the privilege(s) being claimed.

## IV.

### Requests for Admissions

1.   Admit that Defendant has been properly named in Plaintiff's most recently filed Petition/Complaint.

2.   Admit that, at all material times, Defendant owned the Vessel(s) made the basis of this suit.

3.   Admit that, at all material times, Defendant operated the Vessel(s) made the basis of this suit.

4.   Admit that, at all material times, Plaintiff(s) was working in the course and scope of his employment for Defendant.

5.   Admit that Defendant was negligent at the time of the incident made the basis of this lawsuit.

6.   Admit that the Plaintiff(s) was not contributorily negligent.

7.   Admit that Defendant employed the Plaintiff(s) at the time and on the occasion in question.

8.   Admit that the occurrence made the basis of this suit was reported.

9.   Admit that the occurrence made the basis of this suit was timely reported.

10.   Admit that venue is proper.

11.   Admit that Plaintiff(s) did not suffer from any relevant pre-existing condition(s) prior to the occurrence in question.

12.   Admit that personal jurisdiction exists over Defendant.

13.   Admit that this is a convenient forum.

14.   Admit that Plaintiff(s) was not intoxicated or under the influence of non-prescription drugs on the occasion in question.

15.   Admit that the vessel in question was unseaworthy at the time of incident made the basis of this lawsuit.

16.   Admit that Defendant's actions proximately caused Plaintiff's injuries.

23

17.    Admit that the vessel's unseaworthiness proximately caused Plaintiff's injuries.

18.    Admit that Defendant's negligence proximately caused Plaintiff's injuries.

19.    Admit that Defendant's negligence was a cause, in whole or in part, of Plaintiff's injuries.

20.    Admit that you investigated the cause of the incident made the basis of this suit.

21.    Admit that you performed a root cause analysis relating to the incident made the basis of this suit.

22.    Admit that you hired or retained a third party to investigate the cause of the incident made the basis of this suit.

23.    Admit that Plaintiff was a Jones Act seaman at the time of the incident made the basis of this lawsuit.

24.    Admit that Plaintiff contributed to the function of a vessel at the time of the incident made the basis of this lawsuit.

25.    Admit that Plaintiff had a connection to a vessel in navigation (or an identifiable group of such vessels under common control or ownership) that was substantial in terms of duration.

26.    Admit that Plaintiff spent 30% of his time in the service of a vessel in navigation (or an identifiable group of such vessels under common control or ownership).

27.    Admit that Plaintiff had a connection to a vessel in navigation (or an identifiable group of such vessels under common control or ownership) that was substantial in terms of nature.

28.    Admit that the Plaintiff(s) claimed to have been injured in the course and scope of his employment.

29.    Admit that on the date in question Plaintiff(s) was under instructions to perform the work he was performing, irrespective of whether you claim the Plaintiff(s) did the work in an unsafe manner.

30.    Admit that you have conducted surveillance on the Plaintiff(s).

31.    Admit that you possess a written statement from the Plaintiff(s) relating to the incident made the basis of this suit.

24

32.    Admit that you possess a recorded statement from the Plaintiff(s) relating to the incident made the basis of this suit.

33.    Admit that your negligence proximately caused Plaintiff(s) to sustain lost wages.

34.    Admit that your negligence proximately caused Plaintiff(s) to sustain a loss of future earning capacity.

35.    Admit that your negligence proximately caused Plaintiff(s) to incur medical expenses.

36.    Admit that your negligence will proximately cause Plaintiff(s) to incur medical expenses in the future.

37.    Admit that your negligence proximately caused Plaintiff(s) to suffer physical pain, mental anguish, and emotional distress.

38.    Admit that your negligence will proximately cause Plaintiff(s) to suffer physical pain, mental anguish, and emotional distress in the future.

39.    Admit that you have not paid all Plaintiff's medical bills for treatment arising out of the incident made the basis of this lawsuit.

40.    Admit that you do not intend to pay all Plaintiff's medical bills for treatment arising out of the incident made the basis of this lawsuit.

41.    Admit that you (or your counsel) received medical reports prepared by Plaintiff's treating physician(s) and medical bills incurred by Plaintiff(s) for the treatment of Plaintiff's injuries.

## V.

### Request for Disclosure

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, request that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual basis of your claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     For any testifying expert

    (1)     The expert's name, address, and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)     If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A)     All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

           (B)      The expert's current resume and bibliography;

(g)      Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)      Any discoverable settlement agreements described in Rule 192.3(g);

(i)      Any witness statements described in Rule 192.3(h);

(j)      All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)      All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)      The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*

Jason A. Itkin
State Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Ryan MacLeod
State Bar No. 24068346
Jacob M. Karam
State Bar No. 24105653
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
rmacleod@arnolditkin.com
jkaram@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE ALONG WITH PLAINTIFF'S ORIGINAL PETITION**



**201939926 - GUNTER, JAMES vs. ZEAMARINE USA (Court 113)**

Chronological  Print
History       All
*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). **If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.**

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click here.

**Purchase Order** ( 0 documents )

**Print List**

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|
| 86279338 | Filing | Plaintiff's First Amended Petition | | | 07/22/2019 | 4 | Add to Basket |
| -> 86279339 | Filing | Civil Process Request Form-Zeamarine Carrier GmbH | | | 07/22/2019 | 1 | Add to Basket |
| 85981412 | Filing | Citation (Zeamarine USA) | | | 07/01/2019 | 2 | Add to Basket |
| 85659428 | Filing | Plaintiffs Original Petition | | | 06/10/2019 | 4 | Add to Basket |
| -> 85659430 | Filing | Civil Process Request | | | 06/10/2019 | 1 | Add to Basket |
| -> 85659429 | Filing | Plaintiffs First Set of Interrogatories Request for Production Request for Admissions and Request for Disclosure to Defendant | | | 06/10/2019 | 28 | Add to Basket |

[WS5]

**Exhibit A-6**